IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ____1:20-cv-02883_____

ADRIAN DEANS,

   Plaintiff,

v.

USI SOLUTIONS, INC.,

   Defendant.

## **COMPLAINT**

**NOW COMES** Adrian Deans ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, USI Solutions, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

1. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado, Defendant conducts business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

3. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the District of Colorado.

1

4. Defendant is a third-party debt collection agency with its principal place of business located at 925 Canal Street, Building 1, Bristol, Pennsylvania 19007. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Colorado.

### FACTS SUPPORTING CAUSE OF ACTION

5. In or around 2012, Plaintiff's wife at the time obtained an HSBC credit card ("subject debt").

6. Plaintiff's wife did not keep up with the payments, thus defaulting on the subject debt.

7. Subsequently, Defendant acquired the rights to collect on the defaulted subject debt.

8. Plaintiff received a collection letter from Defendant dated December 4, 2019, which stated that Defendant was a debt collector attempting to collect on the subject debt.

9. In or around December 2019, Defendant also began placing phone calls to Plaintiff's cellular telephone number, (719) XXX-8715.

10. Soon thereafter, Plaintiff answered a call from Defendant. During this phone call, Defendant *never* stated that this was a communication from a debt collector or that this was an attempt to collect a debt.

11. Plaintiff once again spoke to Defendant on or around December 10, 2019, when Plaintiff placed an outgoing call to Defendant.

12. Defendant's representative informed Plaintiff that it was attempting to collect the subject debt. Defendant's representative also informed Plaintiff that payments were made on the HSBC card from a USAA account and provided the USAA account number.

13. Plaintiff informed Defendant that this was not his USAA account number and stated that the debt did not belong to him because the account was opened while he was serving in the military in Afghanistan.

14. Defendant's representative became aggressive and told Plaintiff that just because he was in the military does not mean he is above the law.

15. Plaintiff, baffled by the representative's rude and harassing nature, told the representative that he would not pay the debt and to stop calling.

16. In spite of Plaintiff's request that the calls cease, Defendant continued to place calls to his cellular telephone number.

17. In total, Defendant has placed or caused to be placed numerous subsequent harassing phone calls to Plaintiff's cellular telephone.

18. In the call that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

20. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's calls.

21. Upon information an belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, which is a system commonly used in the debt collection industry to attempt to collect defaulted dents.

22. Defendant uses the phone number (877) 201-0618 to call Plaintiff, but upon information and belief, it may use other phone numbers to contact Plaintiff on his cellular phone.

## DAMAGES

23. Defendant's harassing and abusive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

26. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

31. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the phone and mail to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), e(11), and f through its unlawful debt collection practices.

    a.  **Violations of FDCPA § 1692c**

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that Defendant cease contacting him was harassing and abusive. Even after being told to stop calling, Defendant continued its onslaught of phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt.

36. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. The volume of calls shows that Defendant willfully ignored Plaintiff's request that the calls cease with the goal of annoying her into submission.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    b.  **Violations of FDCPA §1692d**

38. Defendant violated §1692d by engaging in conduct intending to harass and abuse Plaintiff. Defendant purposely placed calls to Plaintiff's cellular phone even after it knew he did not wish

5

to be contacted. Furthermore, in the conversations between Defendant's representative and Plaintiff, Defendant's representatives became hostile. Defendant's behavior was intended to abuse Plaintiff into submission so he would pay off the subject debt.

39. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2019 through the present day, using an ATDS without his prior consent.

### c. Violations of FDCPA § 1692e

40. Defendant violated §§1692e and (10) by engaging in false, deceptive and misleading conduct when it falsely represented to Plaintiff that it could call him to attempt to collect the subject debt even though it did not belong to Plaintiff. This misleading behavior only served to intimidate Plaintiff into paying off the subject debt.

41. Defendant violated §1692e(11) by failing to disclose its status as a debt collector attempting to collect a debt in a phone call it placed to Plaintiff's cellular telephone. This failure to disclose pertinent information about Defendant's identity was false, deceptive, and misleading to Plaintiff.

### d. Violation of FDCPA §1692f

42. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Defendant knew that the debt did not belong to Plaintiff, but it continued to harass him in hopes that he would make a payment on a debt that he did not owe. These actions were

unfair to Plaintiff because Defendant knowingly harassed Plaintiff about a debt that did not belong to him.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of its unlawful debt collection practices.

44. As pled above, Plaintiff was harmed by Defendant's conduct.

45. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Colorado in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

46. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff ADRIAN DEANS respectfully requests that this Honorable Court:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number

using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

49. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

50. Upon information and belief, based on Defendant's lack of prompt human response during the phone call in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

51. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

52. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

53. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2019 and the present day, using an ATDS without his consent.

54. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

59. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ADRIAN DEANS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 23, 2020                               Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com